FILED BY _____ _UL_____ D.C.

MAR 2 9 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

To the Honorable Judge of the
District Court of the United States of America
for the Southern District of Florida

# EMERGENCY CLAIM FOR RELIEF UNDER 42 U.S.C.S. 1981 & 1983

Ronald Freeman ]
Petitioner ]
UNITED STATES ]
   Plaintiff ]
         V. ]
Rick Scott, Governor of Florida et.al]
Respondent ]

                   CASE #
                   JUDGE:

## JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to the Civil Rights Act of 1866 and 1871 (42 U.S.C. Sections 1981 and 1983), amendments 4, 5 and 14 of the U.S. Constitution; and FRCP Rule 17(a) 2 to provide relief for the benefit of Petitioner.

## PARTIES

**Petitioner** Ronald Freeman, at all times relevant to this Petition was created by the God of Nature with an inherent right; to make and enforce contracts for whatever consideration he may agree upon with interested parties.

**Respondents** Rick Scott as Governor of the State of Florida, Jimmy Patronis, as Florida Chief Financial Officer, and Drew J. Breakspear as Director of the Office of Financial Regulation regularly work for the purpose of regulating the activities of banks, credit unions, other

financial institutions, finance companies, and the securities industry on the land known as Florida, in consideration of personally gaining United States Coin and Currency.

## FACTS

1.   At all times relevant to this complaint the Plaintiff conducts his private business as a "black" U.S. Citizen on the land known as Florida, he owns and holds a private property interest which is his ENTITLEMENT to make, issue and sell contracts (checks) with interested parties to order and receive payment from the U.S. Secretary of Treasury in the lawful tender of Debts due to him in Florida from his private trade of labor evidenced by use of his private names in contracts for the purchase of goods and services within the jurisdiction of Florida, in consideration of his self determined value of his private trade; this right to make and enforce contracts is Federal and was granted to U.S. Citizens by agreements evidenced in the Civil Rights Act of 1866.

2.   Payment of the aforesaid Debts has been guaranteed by the U.S. government as evidenced in (A) the United States (U.S.) agreement to execute the obligation of paying money from the Treasury of the U.S. in consequence of appropriations made by law, written in article 1 section 9 of the U.S. Constitution; (B) the U.S. agreement that the U.S. Secretary of the Treasury shall execute the obligation of issuing warrants for money drawn on their Treasury consistent with appropriations, written in *An Act to establish the Treasury Department* as amended (31 U.S.C. 321 (a)(3)); (C) the U.S. agreement to execute their obligation of paying money for taking private property for their public use, written in Amendment 5 of the U.S. Constitution.

3.   The aforesaid agreements relate to the Respondents duties by virtue of *An Act declaring the assent of the State of Florida to the terms of admission into the confederacy and Union.*

4.   At all times relevant to this complaint Steven T. Mnuchin, as U.S. Secretary of Treasury and Jovita Carranza as Treasurer of the U.S. and the Respondents publically offered to support and defend the U.S. Constitution and laws of the U.S. without any mental reservation.

5.   At all times relevant to this petition the Petitioner has accepted Steven T. Mnuchin, as U.S. Secretary of Treasury and Jovita Carranza as Treasurer of the U.S. Offer to perform the aforesaid guaranteed obligations in consideration of the Money they offered to pay.

6.   At all times relevant to this complaint Rick Scott, Jimmy Patronis, Drew J. Breakspear and other persons employed and acting under authority of the Florida Constitution have supported and defended agreements that enumerated People of African Decent as three fifths of a person without any legal rights of freedom, this fact is evidenced in Article 1 section 10 of the U.S. Constitution; Respondents are further enforcing a law that makes it unlawful for the Petitioner to issue or sell checks, drafts, money orders, or other instruments, for valuable consideration without first registering and obtaining a license after performing certain obligations created, maintained and enforced under chapter 517 and 560 of the Florida Statutes and paying charges valued in U.S. coin and currency, which are obligations of the U.S. to pay as agreed to by Florida representatives of the U.S. Congress in "An Act to provide Ways and Means for the Support of the Government, and for other Purposes". *"A State may not impose a charge for the enjoyment of a right granted by the Federal Constitution; Since the privilege in question*

*is guaranteed by the Federal Constitution, and exists independently of state authority, the inquiry as to whether the State has given something for which it can ask a return is irrelevant." P. 319 U. S. 115. Murdock v. Pennsylvania, 319 U.S. 105 (1943) ;*

7.    At all times relevant to this complaint the Respondents knew or should have known that to use their authority under the Florida Constitution to enforce actions that deem it unlawful for Petitioner to make, sell and enforce contracts for valuable consideration will immediately subject the Petitioner to badges of Slavery and show a deliberate indifference to his "black person's" clearly established Property and contractual rights granted by the Civil Rights Act of 1866 and secured by the civil rights act of 1871, 4th, 5th, 13th, and 14th Amendment of the U.S. Constitution.

8.    The Petitioner has attempted to sell checks, for his valuable consideration in exchange for lawful money on the land known as Florida to financial institutions taking deposits as collateral to secure the collection of U.S. Coin and currency by virtue of Public Law 63-43 and authority of 31 CFR 202.3 by way of U.S. Constitution's supremacy clause but has been denied every time. As a result of the Respondents enforcement of chapters 517 and 560 Florida Statutes and or other unknown Florida statutes said people are required by law not to accept checks or other contracts drawn upon the Petitioner's own valuable consideration.

9.    For instance in 2016 the Petitioner attempted to conduct his private business by selling said checks to people employed at P.N.C. Bank N.A. in Florida but was denied his right to enforce said contract and or receive payment from said contract, despite the Fact that Petitioner holds an entitlement to the guaranteed payment of said instruments.

10. Petitioner had a reasonable expectation that he would be able to benefit from his entitlement since the Federal Government guarantees it and he is not a party to any contract that subjects his private business activities and right to contract to the Respondents authority under the Florida Constitution or any Florida Statutes.

11. The Respondents enforcement of these statutes upon the Petitioner has immediately deprived the Petitioner of his private property interest and right to issue and sell contracts for valuable consideration as he is without recourse to exercise his right to contract, for said lawful and valuable consideration without becoming a surety for the Respondents by performing obligations created by chapter 517, 560 and other chapters of the Florida Statutes to liquidate Debts created by Public Law 63-43.

12. Petitioner is damage by the Respondents actions, as he must perform an involuntary act of becoming someone else's surety in order to obtain a lawful means of tendering payment of Debts arising from his valuable contracts to purchase the most necessary goods and services to sustain his general welfare; which is against his religious principles (Proverbs 22:26); and in violation of agreements evidenced in "An Act to abolish and forever prohibit the System of Peonage in the Territory of New Mexico and other Parts of the United States"; and agreements evidenced in the 13th amendment of the U.S. Constitution, Petitioner is further damaged as he is currently homeless, unable to purchase a home and faced with severe economical disadvantage to similarly situated white Citizens who enjoy the benefits of this guaranteed entitlement within their respective States.

13. The Respondents deprivation of Petitioner's rights to hold property and contract under color of Florida Statutes is unreasonable because there is no privity of contract between

the parties to justify their actions, and Respondents have agreed that the U.S. Constitution is the supreme law of this land known as Florida which mandates them as State actors not to make any law impairing the Obligations of Contracts; requires Respondents possess a bona-fide warrant as described in Amendment 4 to seize the Petitioner's Private rights to make, sell and enforce contracts, which they lack; Amendment 14 of the U.S Constitution further Mandates Respondents as State actors not to make or enforce any law which shall abridge the privileges or immunities of citizens of the U.S.; nor shall they as state actors deprive any person of life, liberty, or property, without due process of law; nor deny to any person within it's their jurisdiction the equal protection of the laws.

14.   Any State actor knew or should have known that to act under color of State law in this instance Florida Statutes, to subject the Petitioner being on the land known as Florida to a state of peonage by depriving him of his Federal Entitlement and rights to hold property, make, issue, sell and enforce contracts with interested parties for his own valuable consideration would be in violation of section one of the Civil Rights Act of 1871 and make said person(s) liable to the Petitioner in a proceeding of this Court for his redress.

15. Petitioner has a reasonable expectation that his right to issue and sell contracts of said consideration will not be violated as it appears that the purpose of Florida statute chapter 517 and 560 is to protect the citizens of Florida, promote a safe and sound financial marketplace; which will ironically be achieved by the Court's enforcement of Petitioner's entitlement and authority to issue and sell said contracts by use of said consideration; because the payment of said contracts are guaranteed by the U.S. Federal Government.

16. Petitioner hereby claims he is entitled and authorized to issue and sell contracts of the said valuable consideration to any person, bank or trust company authorized to accept

deposits under delegated authority of the U.S. Constitution and is further exempt from registering and obtaining any license under chapter 517, 560 or any other chapter of the Florida Statutes; however the Petitioner has no remedy under current Florida Law to secure his entitlement so he comes to this Court for relief.

17.   Petitioner is entitled to relief in this Court pursuant to agreements evidenced in the Civil Rights Acts of 1866 and 1871 (42 U.S.C.S. 1981 & 1983)

18.   For the aforesaid reasons the Petitioner prays that this Court;

A.   Find and declare the Respondents' actions to constitute a deprivation of the Plaintiff's Federal Civil Rights under color of State Law in violation of the Civil Rights act of 1866 & 1871; amendments 4, 5 and 14 of the U.S. Constitution.

B.   Permanently enjoin the Respondents, their successors and other persons acting under color of state law from enforcing upon his persons or personal property any agreements implied in law that Petitioner isn't a express party to.

C.   Issue an order to cause for the permanent enforcement of Petitioner's right to make issue, sell and enforce contracts for valuable consideration and his entitlement within said contracts for delivery and receipt of money exempting him from registration and licensing requirements under Florida Statutes and other relief deemed just or necessary.

Under penalties of perjury, I declare that I have read the foregoing Petition and that the facts stated in it are true. 03-29-2018

Respectfully submitted,                    All Rights Reserved by:___Ronald Freeman___

Ronald Freeman c/o 1900 W Oakland Park Blvd Ft. Lauderdale, Florida 33310

## AFFIDAVIT IN SUPPORT OF CLAIM FOR RELIEF

Comes now Ronald Freeman, your Affiant, being competent to testify and being over the age of 21 years of age, after first being duly sworn according to law to tell the truth to the facts related herein states that he has firsthand knowledge of the facts stated herein and believes these facts to be true to the best of his knowledge.

### FACTS

1. I have never expressly granted Rick Scott, Jimmy Patronis, Drew J. Breakspear or any other person acting under authority of the Florida Constitution, permission to use my private property including but not limited to my right to make, sell and enforce contracts for my own valuable consideration.

2. I am a sole proprietor of African decent doing business as a citizen of the United States and exclusive owner of trade name RONALD FREEMAN, I am also the exclusive owner of all debts charged to said property (see attached Registration of Fictitious Name).

3. I have attempted but was unsuccessful to exercise my civil right to make, issue, sell and enforce contracts to financial institutions on the land known as Florida for the delivery of Money from the Secretary of Treasury, in consideration of my valuable trade of labor.

Under penalties of perjury, I declare that I have read the foregoing affidavit in support of claim for relief and that the facts stated in it are true. 03-29-2018

Respectfully submitted,          All Rights Reserved by: _Ronald Freeman_

STATE OF FLORIDA   COUNTY OF _Broward_

Sworn to (or affirmed) and subscribed before me this _29th_ day of 20_18_ March, by Ronald Freeman.

~~~~~~~~~~

Signature of Notary Public

Personally known:_____ OR Produced Identification:___✓___ Type of Identification Produced: _Arizona Drivers License_

DANE RAMIREZ
MY COMMISSION # GG 195616
EXPIRES: March 13, 2022
Bonded Thru Notary Public Underwriters

Page 8 of 8

# APPLICATION FOR REGISTRATION OF FICTITIOUS NAME

REGISTRATION# G14000074929

**Fictitious Name to be Registered:** RONALD FREEMAN

**Mailing Address of Business:**      GENERAL DELIVERY
FT. LAUDERDALE, FL  33310

**Florida County of Principal Place of Business:** MULTIPLE

**FEI Number:**

                                                          **FILED**
                                     **Jul 20, 2014**
                          **Secretary of State**

**Owner(s) of Fictitious Name:**

FREEMAN, RONALD
GENERAL DELIVERY
FT. LAUDERDALE, FL  33310    99

I the undersigned, being an owner in the above fictitious name, certify that the information indicated on this form is true and accurate. I further certify that the fictitious name to be registered has been advertised at least once in a newspaper as defined in Chapter 50, Florida Statutes, in the county where the principal place of business is located. I understand that the electronic signature below shall have the same legal effect as if made under oath and I am aware that false information submitted in a document to the Department of State constitutes a third degree felony as provided for in s. 817.155, Florida Statutes.

FREEMAN RONALD                                07/20/2014
_____           _____
  Electronic Signature(s)                            Date

**Certificate of Status Requested ( )**         **Certified Copy Requested ( )**

<div align="center">

To the Honorable Judge of the
District Court of the United States of America
for the Southern District of Florida

**EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**

</div>

Ronald Freeman                                     ]
Petitioner                                         ]
UNITED STATES                                      ]
  Plaintiff                              ]
        V.   ]
Rick Scott, Governor of Florida et.al]
Respondent                                         ]

                CASE #
                JUDGE:

PLEASE TAKE NOTICE THAT at a soon time and date as this court deems necessary, Petitioner will and herby does move for a temporary restraining order pursuant to [FRCP 65 (B)].

Comes now Petitioner pursuant to [FRCP 65 (B)] respectfully and timely moves this honorable court for a temporary restraining order enjoining and restraining Respondents, their successors and other persons acting under color of state law from enforcing upon his persons or personal property any agreements implied in law including but not limited to Florida Statutes, that Petitioner isn't an express party to.

This motion is based on the facts alleged in the Complaint and made on the grounds that immediate and irreparable injury has occurred to the Petitioner and the immediate economical loss he has suffered will continue unless the Respondents are enjoined pending a conclusion of this action. Petitioner has attempted to notice the Respondent and they lack authority to grant him relief. Respondents should have reasonable knowledge of the facts being claimed including their duty and

<div align="center">

Page 1 of 3
**EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**

</div>

contractual obligation to protect Petitioners entitlement and private property interest to make a enforce contracts for valuable consideration as they freely offered to do these things.

1. Actions under color of chapter 517 and 560 of the Florida Statutes being enforced by Respondents have caused Petitioner to be subjected to Respondent's unwarranted seizure and deprivation of his substantive right to make, issue and sell contracts with interested parties for his own valuable consideration the payment of which are guaranteed by the U.S. and its' Secretary of the Treasury.

2. These Actions are contrary to the obligations of Respondents' unrevoked unilateral contract to the general public and their ministerial duties under the 4th, 5th, and 14th amendment of the U.S. Constitution causing Petitioner to suffer immediate economical disadvantage, and irreparable injury as he is currently and has always been held subject to badges of slavery as his trade of labor is now being used as surety to pay Debts of others.

   Without the issuance of this temporary restraining order Petitioner will continue to suffer immediate economical disadvantage and loss as he currently has no lawful means to enforce his Federal Rights and enjoin Respondents to sustain his general welfare and make any profit subjecting Petitioner to no lawful means of obtaining money in the State of Florida.

3. The Petitioner is likely to succeed on the merits of this case as the facts alleged in the Petition for relief under 42 U.S.C.S. 1981 & 1983 and supporting affidavit prove the Petitioner has claimed substantive Contract rights and an Entitlement that are valid before this Court and also the Respondents actions under color of state law have deprived him of enjoying the benefits of owning said entitlements, in violation of the 4th and 5th and 14th amendments of the United States Constitution.

Page 2 of 3
**EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**

Under penalties of perjury, I declare that I have read the foregoing emergency motion for temporary restraining order and that the facts stated in it are true. 03-29-2018

Respectfully submitted,                All Rights Reserved by: _Ronald Freeman_____

Ronald Freeman c/o 1900 W Oakland Park Blvd Ft. Lauderdale, Florida 33310

**EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**